Ruffin, C. J.
There is no doubt upon this question of evidence. The Act of 1836, Rev. Stat. c. 109, c. 23, makes the sheriff and his sureties liable for claims placed in the hands of a deputy. The receipt of the deputy for the claim is evidence against the sheriff, when given in the discharge of official duties ; and this is a receipt of that kind. State v. Allen, 5 Ired. 36, Indeed, the receipt of the deputy, being the act of an agent, is, in law, the receipt of the sheriff himself, and binds him accordingly - as if the deputy receive the money on an execution and give an acquittance therefor, or return satisfaction on the ie£ecution in the sheriff’s name. It is true, that in Fui-leriwider s'case, 4 Ired. 364, \it was held, that a constable’s bgipt for a claim to collect was not evidence against sureties. But, profitably on account of that case, that ge|$!^altered by "the Act of 1844, which makes the ^acknowledgment of the sheriff, or any other ifther matter or thing, which is admissible ^competent also against his sureties. The redial, and this is the receipt of the sheriff, :ie meaning of the Act; and, at all events, it is '.an instrument, which is competent evidence against the sheriff, and it is, therefore, admissible against all the defendants.
Per Curiam Judgment affirmed.